**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MICHAEL JOHN LASITTER, II,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **vs.** : | |
| : | **Civil Action Number:** |
| **ESURANCE INSURANCE** : | 1:14-CV-1412-CAP |
| **COMPANY,** : | |
| : | **Jury Trial Demanded** |
| **Defendant.** : | |
| : | |

## COMPLAINT

Plaintiff Michael John Lasitter, II ("Mr. Lasitter"), by and through

undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint

against Defendant Esurance Insurance Company ("Esurance") and shows the Court

as follows:

## INTRODUCTION

1.

Mr. Lasitter brings this action under the Fair Labor Standards Act of 1938

(as amended), 29 U.S.C. § 201 *et seq*., ("the FLSA") to recover due but unpaid

overtime compensation and an additional like amount as liquidated damages; and

to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Esurance is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Lasitter resides in Jackson County, Georgia.

5.

Esurance employed Mr. Lasitter as a claims adjuster in Alpharetta, Georgia from August 2013 until May 1, 2014.

6.

At all times material hereto, Mr. Lasitter was an "employee" of Esurance as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about August 2013 until May 1, 2014, Mr. Lasitter was "engaged in commerce" as an employee of Esurance as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Esurance is a corporation organized under the laws of the State of California.

9.

Esurance is comprised of over 3,000 associates in 16 offices nationwide.

10.

During the relevant time period, two more employees of Esurance, including Mr. Lasitter, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, interstate traveling systems and interstate banking services.

11.

During the relevant time period, two or more employees of Esurance, including Mr. Lasitter, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture and office supplies.

12.

Esurance may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

13.

At all times material hereto, Esurance was an "employer" of Mr. Lasitter as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

From on or about August 2013 until May 1, 2014, Esurance was an "enterprise engaged in commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

During 2013, Esurance had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Esurance had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Esurance had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Esurance had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Esurance had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Esurance had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

At all times material hereto, Esurance has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

22.

Esurance is subject to the personal jurisdiction of this Court.

23.

Esurance may be served with process through its registered agent CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

24.

At all times material hereto, Mr. Lasitter was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

25.

At all times material hereto, Esurance did not employ Mr. Lasitter in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Esurance did not employ Mr. Lasitter in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Esurance did not employ Mr. Lasitter in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Esurance did not employ Mr. Lasitter in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

29.

At all times material hereto, Esurance classified Mr. Lasitter as an employee who was exempt from the maximum hours provisions of the FLSA

30.

During the relevant time period, Mr. Lasitter did not supervise anyone.

31.

During the relevant time period, Mr. Lasitter's duties as a claims adjuster were not such that he exercised discretion in making significant business decisions.

32.

During the relevant time period, most of the decisions that Mr. Lasitter was required to make were overseen and approved by his supervisor.

33.

During the relevant time period, most of the decisions that Mr. Lasitter was required to make were also driven by a formula and established protocol.

34.

Esurance misclassified Mr. Lasitter as an employee who was exempt from the maximum hours provisions of the FLSA

## COUNT I - FAILURE TO PAY OVERTIME

35.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

36.

At all times material hereto, Mr. Lasitter has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

37.

During his employment with Defendant, Mr. Lasitter regularly worked in excess of forty (40) hours each week.

38.

During his employment with Defendant, Mr. Lasitter would occasionally stay late.

39.

During his employment with Defendant, Mr. Lasitter would regularly eat lunch at his desk while working.

40.

During his employment with Defendant, Mr. Lasitter performed work on most weekends.

41.

At all times material hereto, Defendant was aware that Mr. Lasitter regularly worked in excess of forty (40) hours each week.

42.

Defendant failed to pay Mr. Lasitter at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week from August 2013 through May 1, 2014.

43.

Defendant willfully failed to pay Mr. Lasitter at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2013 through May 1, 2014.

44.

Mr. Lasitter is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of overtime compensation as alleged above, Mr. Lasitter is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

As a result of the underpayment of overtime compensation as alleged above, Mr. Lasitter is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Lasitter respectfully prays:

1.    That Mr. Lasitter's claims be tried before a jury;

2.      That Mr. Lasitter be awarded an amount to be determined at trial against

Defendants in unpaid overtime compensation due under the FLSA, plus an

additional like amount in liquidated damages;

3.      That Mr. Lasitter be awarded costs of litigation, including his reasonable

attorneys' fees from Defendants; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER             /S/CHARLES R. BRIDGERS
101 MARIETTA STREET               CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303            GA. BAR NO. 080791
(404) 979-3171                    /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   GA. BAR NO. 262375
charlesbridgers@dcbflegal.com     COUNSEL FOR PLAINTIFF