**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHAEL JOHN LASITTER, II,    *
                              *
      Plaintiff,              *
                              *
   v.                       *      1:14-CV-01412-ELR
                              *
ESURANCE INSURANCE SERVICES  *
INC.,                          *
                              *
      Defendant.           *

_____

**O R D E R**
_____

This matter is before the Court on the Settlement Agreement and General Release submitted by the parties for review and approval.[1] Notably, Plaintiff's claims are brought pursuant to the Fair Labor Standards Act ("FLSA") which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Although Plaintiff alleges Defendant willfully violated FLSA provisions by failing to pay him overtime wages, Defendant denies each of Plaintiff's claims.

---

[1] The parties submitted the Agreement directly to the Court's Chambers after filing a "Joint Motion for Leave to File Joint Motion to Approve Settlement, Memorandum in Support, and Proposed Settlement Agreement Under Seal."

Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. Importantly, Plaintiff in this action is represented by counsel.

2

After reviewing the parties' Joint Motion to Approve Settlement and the accompanying Settlement Agreement and General Release, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the proposed settlement agreement submitted by the parties presents a fair and reasonable resolution to this action. Further, after considering the parties' arguments in support of filing certain settlement documents under seal, the Court finds the interests advanced by the parties outweigh the need for public access to the particular documents at issue. Accordingly, the following measures are **ORDERED:**

1) The parties' Joint Motion for Leave to File Joint Motion to Approve Settlement, Memorandum in Support, and Proposed Settlement Agreement Under Seal is **GRANTED** (Doc. No. 23).

2) The parties' Motion to Approve Settlement is **GRANTED,** and the General Release and Settlement Agreement is thus **APPROVED.** The Clerk is directed to attach, under seal, the following documents to this Order: 1) the parties' Joint Motion to Approve Settlement; 2) the Memorandum in Support thereof; and 3) the proposed Settlement Agreement.

3) The case is **DISMISSED WITH PREJUDICE,** and the Clerk shall **CLOSE** this case.

**SO ORDERED**, this 11th day of December, 2014.

*Eleanor L. Ross*
───────────────────────────
Eleanor L. Ross
United States District Judge
Northern District of Georgia

3